Your Honor, this case involves two claims that Amerisourcebergen, which is the successor in interest to Mr. Rodensa, the employer, filed in district court. One is a simple diversity claim seeking repayment of a loan based on a diversity in the amount of controversy. The other is a more complicated claim for declaration of rights under an ERISA plan. That one seems to be a little further down the line in state court. Well, it is, Your Honor, and we filed a supplemental brief saying that at least with respect to the discretionary aspect of the district court's judgment, pardon me, we're withdrawing that. It is – it is – I mean, sometimes justice delayed is justice denied, but there's not much we can do about that. It's now in the court of appeals. We think we should have had a federal court review a federal claim under ERISA, but now that's in the state court system. That's different, though, than – I think – than the loan claim here. The underlying proceeding in this case arose out of a lawsuit filed by Mr. Roden – not in this case, but in a state court case – a lawsuit filed by Mr. Roden for his wrongful discharge and state law claim, which was settled, or at least people thought it was settled at the time. There was a – there was an offer of judgment taken. It was, as the court of appeals in the – in the state system said, stunningly brief, and there's been some litigation – some, a lot of litigation as to what that meant. One thing that's clear, though, is that Mr. Roden is under the state court consent judgment entitled to benefits under the ERISA plan. The issue is what are they and who figures that out. That's now in the state system. The other one was there's no – we think there's no question, although we haven't litigated it yet, that Mr. Roden owes the company money because he borrowed money and hasn't paid it. His claim is that – that there was a loan forgiveness program that was a benefit of employment. That's now been adjudicated, at least in the state court. But all that is would be an affirmative defense to a claim, as there may be other affirmative defenses, to a claim for money loaned and not paid back. So any – any effort to try to resolve this matter by settlement? Well, there has, Your Honor. But it – to no avail. I mean – Right now, and whether the numbers are accurate or inaccurate, it looks like $14 million on one side and $300,000 on the other. Am I in the ballpark on those? Well, you are – at least as to the ERISA claim. Right now there's a state court judgment for $14 million plus interest on the ERISA claim, which, as an aside, is twice the amount that anybody else got into that. I prefaced it by saying I'm not saying that's accurate. That's just the numbers we have right now. On the other side is this loan claim. For how much? $337,500 plus interest. Well, in the normal commercial world, if one party is owed $14 million and the other says, yeah, but you owe me $400,000, you'd think they could find a way to get those numbers together. Well, there's been – there's been a demand, and Mr. Rodin's position in litigation has been, I don't owe the money if the loan isn't forgiven. Didn't the state court decide something on this? I was thinking that the state court said that he owed the money, the $337,000, and it was not forgiven. Well, the state court – the state court made a determination that Mr. Rodin didn't meet his burden of proof to show that the loan was forgiven. There has not been a state court claim for repayment. And the reason there hasn't is because this arises not as a claim in the state court by the company. This whole state court proceeding arises out of wrongful discharge litigation, which was settled, well, in quotes, and is still in the state court. But in addition to the SERP issue in the state court, as you can tell from the trial court's decision in the tentative judgment, there are a lot of other benefits that Mr. Rodin mentioned, such as severance and options and so forth. And at this late date, if this case came to the district court in its present posture now, we would say the district court was well within its discretion. We think the district court wasn't at the time it ruled, but that's where we are as to the ERISA claim. But as to the state loan claim, the basis for the district court dismissing that claim, particularly under younger abstention, we just think doesn't ring true. There's no state interest here in repayment of this loan. There's no action here to enjoin the state court or have the state court do something that looks like an injunction of state court proceedings. There's nothing that would interfere indirectly or directly or indirectly with the state court proceedings. All we have here is if Mr. Rodin wants to assert that I don't know the money because the loan was forgiven, he can raise that as an affirmative defense in state court. And if it turns out that that judgment is final by the time this gets to the district court, remanded back to the district court, that issue, loan forgiveness or not, affirmative defense, will have become res judicata. And if not, the district court is entirely within its discretion to stay proceedings on collection of the note until it finds out whether that particular defense has any merit. There may be other defenses that Mr. Rodin has to repaying the loan, but those aren't involved in the state court proceedings. And there has been no effort in the state court to get the money, which is to say if we win the case in the state court, if we win the case in the state court, we don't get paid. Was there a change in circumstances? Circumstances are all the relationship between the parties, between the state court and the Federal court. Were the circumstances in the Federal court regarding the relationship of the parties and the duties and responsibilities of the parties the same in the state court as they were, as they are in the Federal court? I think they are. I mean, if I understand the question, Your Honor. You mean every time somebody files a state court claim, the defendant can also file at the same time a counter suit or another suit in the Federal court? Well, no, Your Honor, because while the relation of the parties hasn't changed, and maybe I misunderstood your question, the relation of the parties is that Mr. Roden is still a former employee. And that hasn't changed. What has changed. Well, nothing has changed. Nothing has changed. The relationship, you told me, was the same both in the state court action and the Federal court action. Well, as between the parties, but in the litigation positions have changed. Well, between the parties, that's litigation. Well, when we were in the district court and we filed this claim in the district court, Mr. Roden had not yet sought judicial determination of what his benefits are. There was no lawsuit. Normally what happens in an ERISA case, as this Court is aware, if there's a benefit claim, you file a lawsuit for benefits under ERISA. That's not what happened. What he did do is file a motion for implementation, a second motion for implementation of the judgment of the state court to seek what his ERISA benefits were. Now, the case is curious in a number of ways. And I mean that as no comment on one side or the other. But in its current posture, you've got essentially an ERISA claim on one track, which is in state court, when one might think that ordinarily that would be in Federal court. And you've got a loan collection action, which you would ordinarily think would process itself through state court being tried in Federal court. And one of them is in about the seventh inning, and the other one is in about the bottom of the third. Well, it may be even the bottom of the first, since the state court proceeding doesn't involve repayment of the loan. It may be at the end of the day, as a practical matter, there could be an offset if Mr. Roden is owed any money, although the money he's claiming under the SERP is paid from a trust. He's got other claims that so far he hasn't won on. But as a practical matter, I think this is a little bit kind of a cart before the horse in terms of the jurisdiction. But that's where we are. If Amerisaurus Bergen prevails on everything in the state court proceeding, which is to say Mr. Roden has been fully paid everything he's entitled to, that will not resolve the claim for the loan. There's nothing in the state court proceeding. There's no claim in the state court proceeding by Amerisaurus Bergen for repayment of the loan. And if Amerisaurus Bergen is totally victorious in the state court, it still doesn't get paid, the $337,500. That's why that is a viable claim and that younger abstention really doesn't apply to that plain vanilla collection of a debt. But the state court could still find that he owes that and it's not forgivable. Well, the state court will find that there's not a – what the state court can find is that there's not a program in place as an employee benefit for executives of the company for giving these loans. And it's made that finding. That doesn't necessarily mean that Mr. Roden owes the money. We still have to prove that he borrowed the money and he still has a right to defend that he doesn't have to pay it for other reasons. But at the end of the day, the state court will say, yeah, one of the benefits of his employment didn't include forgiveness of loans. And, indeed, not only did it not include forgiveness of loans, his position in the state court is he was entitled to even additional loans. He didn't prove that up, and so he didn't get additional loans. But at the end of the day, if we prevail on everything in state court, we still don't have a judgment for our loan. And that's what this case is. You're wanting a judgment of the 337,000-plus other things. Plus interest in this case. You want it so you can enforce the judgment. That's correct. And we can't get that in state court in the present proceeding. We could have filed – I think Judge Hawkins was correct. We probably could have filed a separate lawsuit in state court, not this proceeding that's going on, because it's not a compulsory counterclaim. It's just a suit on a deck. But we sought, rightly or wrongly, to have federal jurisdiction of both that on diversity and the ERISA claim. But it's the bottom of the ninth in the ERISA claim, and while we think the judge, who I admire greatly, got that part wrong, that's just the fork in the road that this litigation has taken. I'll reserve. Thank you. Okay. We'll hear from Mr. Rodin at this time. Counsel? Good morning, Your Honor. My name is William Johnson. I represent Donald Rodin, and may it please the Court. I think with the withdrawal of the appeal as to the ERISA claim in the lawsuit, the only issue is which court, the federal court versus the state court, is the proper court to resolve the claim with respect to the loan. And there are three reasons that we presented to the district court in which we believe justify the dismissal of the complaint in federal court because the state court was the only court that was proper to resolve that particular issue. If I may, I'll address each of those. The three are the improper or the violation of the removal statute, younger abstention, and the Rooker-Feldman doctrine. In 2000, a consent judgment was entered into between Bergen-Brunswick Corporation, the predecessor of Amerisource Bergen, and Mr. Rodin. Paragraph three or paragraph two of that judgment was in the form of declaratory relief provided for the continuation of certain benefits under an employment contract. California law is clear that where a trial court enters a decree of declaratory relief, the trial court retains jurisdiction to interpret the scope of that relief and to implement that relief. And so proceedings were brought in the trial court to determine the parameters of that relief, and there is an order that is part of the record in this case where in July of 2001, the Orange County Superior Court began the adjudication of the selectability of this loan. Several years went by, and in March of 2004, Amerisource Bergen decided it wanted the entire controversy removed to federal court. So they filed a removal petition in March of 2004. July 20th of 2004, Judge Stadler remanded the case to the state court on the same day. August 19th, Amerisource Bergen began the process of what I would call a de facto removal, a second removal. What they did is they filed a complaint which encompassed two of the claims that were pending in the state court, the adjudication of the cert benefit and the collectability of this loan. That was the first step. The second step is they went into the state court and they asked for a stay of the action in the state court with respect to those two elements. I would suggest to the court that that is the equivalent of a removal because a removal is simply the transfer of exclusive jurisdiction over a controversy from the state court to the federal court. It's normally accomplished by filing a removal petition. Here they did exactly the same thing. They filed a complaint in the federal court claiming that court had the exclusive jurisdiction to adjudicate both claims. Let me ask you a question. Yes. If instead of doing what she did, Judge Stadler had simply stayed the federal proceeding until all issues were resolved in the state proceeding, would there come a time when all of the issues, all of the disputes including whether this loan should be repaid would be resolved? A stay would not have been appropriate for several reasons. The first of which is that when a case is removed, transferred from state court to federal court, which I would submit is exactly what they were doing here, Congress limited the diversity jurisdiction under 28 U.S.C. Section 1332 by the limitations in 28 U.S.C. Section 1446. One of those limitations is that if there is an action pending in the state court for more than one year, you can't transfer that into the district court. There's no jurisdiction, no subject matter jurisdiction in the district court. So under 28 U.S.C. Section 1446, since the case of controversy had been pending for more than a year in the state court, the court had no, the district court had no alternative but to dismiss it. Okay. So I really tried to cover the removal problems. Technically, the action Amerisource has brought in district court is not a removed action. Two of the claims, the CERP claim and the promissory note claim were in fact attempted to be removed. They were removed by the filing of the complaint. They went to court to get a stay. Whether or not they were entitled to a stay was never released. Perfectly good point. Let me refine my question in this way. If all the action that we're reviewing now consisted entirely of the question of repayment of the loan, that is not a removed action. I would respectfully disagree because the collectability of the loan was before the district court. In the July 7, 2001 order, the court declared that Mr. Roden was entitled to the same treatment with respect to that loan as other senior executives were. If Amerisource Bergen wanted to collect the loan, it had two remedies. One, it could file a complaint in the state court and it could also seek a set-off against any amounts due under the court determined were due under the judgment, which they did not do. What they're doing is splitting the cause of action. The collectability of this loan has been the subject of litigation in the state court since at least July 7, 2001. Well, can they get a judgment in state court on that loan? Yes. The way the counsel was saying they can get a judgment. I know nothing that would prevent them from getting a judgment to collect that loan in the state court. Have they asked for a judgment on that in the state proceedings? No. They have not. Your action in state court seeks a declaration that with respect to that loan, he's entitled to be treated like any other officer who had benefit of that program, and that has some consequences and meanings if that's determined. Yes. And when that was put in issue before the state court, it would be incumbent upon Amerisource Bergen to state whatever claim they had. That would be a compulsory counterclaim. Same question I had for your opponent. Any chance this can be resolved? By this you're referring to the entire controversy? We've had a mediation, and it really was not fruitful, and we're very confident that we're going to keep. We recovered $21 million in the state court, and we think that when the appeal is over, we've had two prior appeals. We think when that's over, it'll be over $80 million. We're very confident about our position on appeal. So because of the de facto removal, for that reason, the district court's dismissal was mandated under Section 1446 of the Judicial Code. Also under younger abstention, there are three factors under Middlesex that govern the court's judgment. The first is that there be ongoing state court proceedings. There clearly has been no dispute that the proceedings were ongoing when the district court dismissed the action, and they're still ongoing. The third one is that the plaintiff have an opportunity to litigate any federal claims. With respect to the promissory note, there aren't any federal claims, but if there were, that could be litigated in state court. The second element, which I think is the one that is most talked about in this appeal, is that the judicial proceedings in the state court implicate important state interests. Well, the important state interests are the right of the trial court that entered the declaratory relief to adjudicate the scope of the relief and the right of the trial court that entered the judgment to enforce the judgment. The United States Supreme Court has on more than one occasion stated, and I'm quoting from Judas v. Bail, 1977, that states' interest in the contempt process through which it vindicates the regular operation of its judicial system is surely an important interest, and that was the younger abstention case. So, and this crosses really over into Rooker-Feldman, I think, that the state court entered a very, very broad declaratory relief decree. It's up to the state court to declare the meaning of that decree, because if the federal court gets involved, it's really reviewing what the state court meant when it entered the decree. Your argument, as I understand it, is that the proceedings, including determinations that have already been made in state court with respect to the loan, are more than just the state court striking one of many defenses. They indeed go to the heart of whether and how this should be repaid. Right, and I think it's one learns in Civil Procedure 101 that when a court assumes jurisdiction over a controversy, it assumes jurisdiction over the entire controversy. One can't split the case or the cause of action into different lawsuits in different courts. So our view is that the state court, which is still adjudicating the collectability of that loan is the proper form to do that, and the federal court is not. And I'll just simply close here, because one, under 1446, the case should not have been moved. And number two, under younger abstention, Rooker-Feldman, the federal court should not get involved in reviewing the decisions of the state court. And essentially taking the enforcement of the declaratory relief and making that, the declaratory relief declared by a state judge, making that a question of interpretation for a judge in a totally different government. Okay. Thank you for your argument. Thank you. Counsel? In Mr. Roden's argument, Mr. Johnson made two statements. One, that this is like a removal case. The loan is not a removal case. There has been no lawsuit in state court seeking repayment of the loan. And to answer Judge Hawkins' question about should the district court have stated this, the answer is yes, and it still should. But if it's stated, everything will not be resolved in state court because the current state court proceeding is not a claim for repayment. What, with respect to the loan, if Roden achieved complete victory that he's seeking there in those courts, what would it mean? If the state court, with respect to the loan, agreed with every single argument he was making, what would be the bottom line conclusion? The bottom line would be that there would be a judgment discharging the loan. If he wins, that's equivalent to a discharge of the loan because it's been forgiven. That would be res judicata in this case. That would be res judicata in this case. But the contrary is, if he doesn't win, what won't happen in state court is a judgment that he has to pay the loan. And we would have to sue him to get paid the loan. We could sue him in state court or we could sue him in Federal court on diversity. We have chosen to sue him in Federal court to get prepayment of the loan. There is no lawsuit pending for repayment of the loan. If he is discharged, that will be res judicata in this case, but we still don't get our money unless we file a lawsuit. And we did. We filed this one. Thank you. Okay. Thank you both for your arguments. A very interesting case. And it will be submitted for decision and the panel will stand in recess for the day. Thank you. Thank you. Thank you. Thank you.
judges: Ferguson, Siler, Hawkins